UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LARRY CEARLEY**,

    Plaintiff,

    v.                                                   **CIV NO. 99-1507 DJS/LFG**

**COUNTY OF LINCOLN**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion for Summary Judgment filed November 13, 2000 (Docket No. 42). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Pursuant to the stipulated Order Setting Forth Method of Final Resolution filed December 11, 2000 (Docket No. 53), all pending motions must be resolved by the Court prior to the baseball arbitration set for January 9, 2001. Defendant seeks judgment in its favor on both counts of the Complaint.

### FACTUAL BACKGROUND

The instant action is a civil action brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. §§2601-2654 with a pendant claim for breach of contract. Plaintiff was a full-time, permanent employee working for Defendant as a Sheriff's Deputy. He was injured in a non-job-related accident in April, 1998 and was on compensated leave from his job until October 31, 1998. Plaintiff contends that he received one hundred and twenty days of uncompensated medical leave

under the FMLA commencing on November 1, 1998 and extending until January 28, 1999. He asserts that he was sent a written demand by Defendant on December 28, 1998 which required him to return to work by December 31, 1998 with a full medical release or face termination. Plaintiff further asserts that he provided a full medical release on January 15, 1999 but was terminated for cause before that time. Plaintiff contends that his termination was in derogation of his rights under the Family Medical Leave Act. Plaintiff further contends that his termination violated Defendant's merit system personnel ordinance, which constitutes an express employment contract.

Defendant asserts that Plaintiff voluntarily resigned his position by tendering a verbal resignation to Undersheriff Rick Virden and Sergeant Ken Jones of the Lincoln County Sheriff's Department on December 29, 1998 in a telephone conversation. A written notice that Plaintiff's resignation had been accepted was provided to him on January 15, 1999. On January 16, 1999, Plaintiff notified Defendant, in writing, that he did not intend to resign.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c); <u>Adickes v. S. H. Kress & Co.</u>, 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); <u>Matsushita Elec.</u>, 475 U. S. at 596-87.

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." §29 U.S.C. 2615(a)(1). While the FMLA does not define "interference," the Department of Labor regulations provide that it includes situations where the employer discourages the employee from applying for leave: "Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. "Interfering with" the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." §29 C.F.R. 825.220(b). This Court must give deference to the Department of Labor's construction of the FMLA, expressed through this regulation. See Martinez v. Flowers, 164 F.3d 1257, 1259 (10th Cir.1998).

Plaintiff asserts that there are disputed material facts regarding when his FMLA leave would terminate and whether he resigned his position with Defendant. Plaintiff contends that he was repeatedly told to submit a written resignation, but that he failed to do so. Plaintiff agrees that if he voluntarily resigned his employment he would have no recourse under state or federal law. However, he argues that the disputed facts preclude summary judgment in this case. The result of the instant motion turns on whether Plaintiff made a verbal resignation and the effect of that resignation upon Defendant's obligations under the FMLA.

Plaintiff's conversation with Virden and Jones was recorded and Defendant submitted a transcript of that exchange in support of the motion for summary judgment. Memorandum in Support of Motion for Summary Judgment, Exhibit D. In it, Plaintiff stated that he would resign on the 5th of January and return some equipment to the Sheriff's office. Plaintiff stated that he wanted to stay in Magdalena, New Mexico, as he could earn more money in a position there. Id.. Plaintiff also stated

3

that he had bought a small ranch in that area. Id. Plaintiff did not contradict his resignation prior to the end of 1998, nor did he provide Defendant with his doctor's authorization to return to work, which he received on January 5, 1999. Memorandum in Support of Motion for Summary Judgment, Exhibit E, Plaintiff's Deposition pp. 23, 47. On December 29, 1998, Plaintiff also told Martha Guevara, of the Lincoln County Personnel Office, that he was resigning. Reply in Support of Motion for Summary Judgment, Exhibit A, Deposition of Martha Guevara, pp. 68-69. Ms. Guevara sent Plaintiff a letter regarding employment benefits on the next day. Id. at 74.

Plaintiff contends that he did not resign because he did not turn in a written resignation as requested by Defendant. He further argues that he only told Virden and Jones that he was resigning because it was better than being fired. Plaintiff also contends that the fact that his notice of personnel action was checked as an "involuntary termination" show that he was fired, rather than resigning. However, the Lincoln County Personnel Policy provides that an employee must submit a written resignation to resign in good standing. Reply in Support of Motion for Summary Judgment, Exhibit C. Further, Ms. Guevara testified that marking Plaintiff's termination as "involuntary" was an error. Reply in Support of Motion for Summary Judgment, Exhibit A, Deposition of Martha Guevara, p. 15.

Plaintiff's voluntary resignation ended his rights under the FMLA. Cf. Gearhart v. Sears, Roebuck and Co., 194 F.3d. 1320, 1999 WL 781056 (10th Cir. Oct. 1, 1999) (unpublished disposition) (Affirming holding that voluntary resignation extinguished rights under the FMLA and rebutted inference of pretextual termination based upon FMLA leave request). Given Plaintiff's multiple representations to various members of the Lincoln County government that he was going to resign and his failure to contradict those statements until after his resignation was accepted, the

4

Court can come to no other conclusion than to find that his resignation was voluntary. Plaintiff's unsupported assertion that it was not voluntary is insufficient to raise a dispute regarding this fact. His later, self-serving statement that he felt forced to resign is immaterial, as he did not notify Defendant that he felt he was forced to resign, but rather stated that he was taking another job which paid more money. Based upon the foregoing conclusion, Plaintiff's contract claim also necessarily fails.

To the extent that Plaintiff attempts to state a claim for discrimination on the basis of the exercise of his rights under the FMLA, his claim fails. FMLA discrimination claims are analyzed under the same framework as cases brought under Title VII of the Civil Rights Act of 1964. Graham v. State Farm Mutual Insurance Co., 193 F.3d 1274, 1283 (11th Cir. 1999). In that framework, a plaintiff may establish a *prima facie* case of discrimination by showing that: 1) he availed himself of a protected right under the statute; 2) he was adversely affected by an employment decision; 3) there is a causal connection between the protected activity and the adverse employment action; and 4) he was qualified for his position at the time of the adverse employment action. Id. Plaintiff cannot show an adverse employment action because he voluntarily resigned. Consequently, he cannot state an FMLA discrimination claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment be granted and that judgment in Defendant's favor be entered on both Count I and Count II of the complaint. This action shall be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**